# NO. 12-23-00101-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSICA BRIONNA BAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jessica Brionna Baker appeals following the revocation of her deferred adjudication community supervision. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of between one and four grams of methamphetamine and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed her on community supervision for four years.

Subsequently, the State filed a motion to revoke Appellant's community supervision and to adjudicate guilt, alleging that Appellant violated certain terms and conditions thereof. Specifically, the State contended that Appellant violated the terms of her community supervision, in pertinent part, because she failed to abide by the law and committed the criminal offenses of possession of a controlled substance, resisting arrest, and tampering with evidence.

A hearing was conducted on the State's motion, at which Appellant pleaded "true" to these violations, as alleged in the State's motion. In support of its motion, the State elicited

testimony from, among others, Cherokee County Community Supervision and Corrections Department Supervision Officer Simone Silvers. She testified that she was the community supervision officer assigned to Appellant's case. She further testified that Appellant violated the conditions of her community supervision by committing the criminal offenses of possession of methamphetamine, tampering with evidence, and resisting arrest. Jacksonville Police Department Officer Aaron Trumbull later testified to the details surrounding Appellant's arrest on these charges.

At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of her community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervision, adjudicated her "guilty" as originally charged, and sentenced her to imprisonment for ten years. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We likewise reviewed the record for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of her right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own brief. The time for filing such a brief has expired and no pro se brief has been filed.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, she either must retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2023**

**NO. 12-23-00101-CR**

**JESSICA BRIONNA BAKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court
of Cherokee County, Texas (Tr.Ct.No. 22101)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*